IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
LOUIS ZIRELLI,                          )
                                        )   2:11-cv-00305-GEB-DAD
              Plaintiff,                )
                                        )
      v.                                )   ORDER CONTINUING STATUS
                                        )   (PRETRIAL SCHEDULING)
BAC HOME LOAN SERVICING, L.P.;          )   CONFERENCE; RULE 4(m)
BANK OF AMERICA, N.A.; MORTGAGE         )   DISMISSAL OF TWO NAMED
ELECTRONIC REGISTRATION SYSTEM,         )   DEFENDANTS
INC.; QUALITY LOAN SERVICE              )
CORPORATION; LSI TITLE COMPANY;         )
and DOES 1 through 100,                 )
inclusive,                              )
                                        )
              Defendants.[1]            )
_____)
```

The Joint Status Report ("JSR") filed September 20, 2011 reveals this case is not ready to be scheduled. (ECF No. 52.) Therefore, the Status (Pretrial Scheduling) Conference scheduled for hearing on October 3, 2011 is continued to December 12, 2011 at 9:00 a.m. A joint status report shall be filed no later than fourteen (14) days prior to the December 12, 2011 Status (Pretrial Scheduling) Conference.

Further, Plaintiff states in the JSR: "Plaintiff is in the process of finding a viable entity/trustee upon which to serve the complaint on behalf of defendants Lehman Brothers and Alliance Title." (JSR 1:26-27, ECF No. 52.)

---

[1] The caption has been amended according to the portion of this Order dismissing without prejudice Defendants Alliance Title and Lehman Brothers Bank, FSB.

1

The Court's May 19, 2011 Order notified Plaintiff as follows:

> [U]nder Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") . . . Defendants Alliance Title and Lehman Brothers Bank may be dismissed as defendants in this action unless Plaintiff provides proof of service and/or "shows good cause for the failure" to serve these Defendants within the 120 day period prescribed in Rule 4(m) in a filing due no later than 4:00 p.m. on June 3, 2011.

(Order 1:24-2:2, ECF No. 24.)

Plaintiff's entire response to this Rule 4(m) notice, filed on June 3, 2011, is as follows:

> Alliance Title Company Inc. went out of business in the State of California and Nevada. California Secretary of State lists Defendant Alliance's status as suspended and Defendant's agent for service resigned as of February 9, 2009. Despite good faith effort Plaintiff has not been able to ascertain any agent for service for Defendant Alliance Title outside of the State of California nor has [Plaintiff] been able to ascertain any officer of the corporation outside of the State of California.

(Mem. 1:22-27, ECF No. 28.)

Plaintiff's June 3, 2011 response does not explain what efforts Plaintiff has taken to attempt service of Alliance Title, or to find an agent for service, during the pendency of this action. Id. Nor does Plaintiff's response explain what Plaintiff intends to do to serve Defendant Alliance Title in the future. Further, Plaintiff's statement in the JSR does not offer an explanation of his efforts to serve Alliance Title. Plaintiff also failed to say anything in his response concerning why he failed to serve Defendant Lehman Brothers Bank, FSB ("Lehman Brothers") or about whether he has attempted to serve Lehman Brothers. Further, Plaintiff's statement in the JRS does not offer any details regarding Plaintiff's efforts to serve Lehman Brothers or what he would do if given more time to serve Lehman Brothers.

Plaintiff filed his Complaint on February 1, 2011; therefore, Plaintiff has had more than seven months to serve Defendants Alliance Title and Lehman Brothers. Yet it is unclear what steps Plaintiff has taken to attempt to serve these Defendants within and outside the 120 day period provided under Rule 4(m). Further, Plaintiff has offered no explanation of what he would do with more time, and does not show that "good cause" justifies extension of the service period. Therefore, Defendants Alliance Title and Lehman Brothers Bank, FSB are dismissed from this action without prejudice.

Dated: September 28, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge