IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
LOUIS ZIRELLI,                        )
                                      )    2:11-cv-00305-GEB-DAD
          Plaintiff,                  )
                                      )
     v.                               )
                                      )    ORDER DISMISSING PLAINTIFF'S
BAC HOME LOAN SERVICING, L.P.;        )    FEDERAL CLAIMS
BANK OF AMERICA, N.A.; MORTGAGE       )
ELECTRONIC REGISTRATION SYSTEM,       )
INC.; QUALITY LOAN SERVICE            )
CORPORATION; LSI TITLE COMPANY;       )
and DOES 1 through 100,               )
inclusive,                            )
                                      )
          Defendants.                 )
_____)
```

Pending are three dismissal motions under Federal Rule of Civil Procedure ("Rule") 12(b)(6); one is brought by BAC Home Loans Servicing, L.P., Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively, "the jointly moving Defendants"), another by Quality Loan Service Corporation ("Quality"), and the third is brought by LSI Title Company ("LSI"). (ECF Nos. 18, 20, 44.) Each movant argues Plaintiff's claims alleged in his First Amended Complaint ("FAC") under both federal and state law are insufficient to state actionable claims. Plaintiff opposes each motion and in the alternative requests leave to amend. (ECF Nos. 34, 29, 45.)

# I. SUBJECT MATTER JURISDICTION

Plaintiff alleges in the FAC that subject matter jurisdiction is based on federal question and diversity of citizenship jurisdiction. However, Plaintiff has not alleged sufficient facts to establish diversity of citizenship jurisdiction since he has not sufficiently alleged the citizenship of four of the business-entity Defendants.

A "plaintiff has the burden of pleading the existence of the court's jurisdiction and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Chem. Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999) (internal citation omitted). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. For example, . . . a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (internal citation omitted).

Accordingly, federal question is the sole potential basis of subject matter jurisdiction. However, as will be discussed below, Plaintiff's federal claims are insufficiently pled. Since it is unclear whether Plaintiff will be able to state an actionable federal question, and thereby establish the existence of this Court's jurisdiction, in consideration of principles of judicial economy and comity only Plaintiff's federal claims are addressed. See Gonzalez v. Recontrust Co., No. C 08-05485 JW, 2009 WL 656275, at *4 (N.D. Cal. Mar. 12, 2009) ("since supplemental jurisdiction is derivative, a court should not exercise supplemental jurisdiction until after it has independently acquired jurisdiction over a federal cause of action"). Plaintiff will

be given time to amend his federal claims to allege an actionable federal question; if Plaintiff can properly allege a federal cause of action, Defendants may file a motion challenging the sufficiency of the claims in the amended complaint. Further, "if Plaintiff[] choose[s] to file an amended complaint, Plaintiff[] should re-evaluate the arguments raised by Defendants in support of their motions to dismiss the state law claims." <u>Manuel v. Discovery Home Loans</u>, No. C 10-01185 JSW, 2010 WL 2889510, at *5 (N.D. Cal. July 22, 2010).

## II. LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007). When deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true, and all reasonable inferences are drawn therefrom in the plaintiff's favor. <u>See</u> <u>al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557) (internal citation omitted). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

///

**III. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff alleges he "is the owner of 170 Hale Street, Auburn, CA 95603," and "[o]n or about May 27, 2004, Plaintiff executed a written DEED OF TRUST . . . and security instrument" concerning this property. (FAC ¶¶ 1, 19; Ex. B.) Plaintiff alleges he is "facing the pending loss of his home through foreclosure initiated and advanced by Defendants in violation of the notice and standing requirements of California foreclosure law." Id. ¶ 16. Further, Plaintiff alleges "[t]he foreclosure on [his] home is based upon a Deed of Trust that was flawed at the date of origination of the loan." Id. ¶ 20. Plaintiff also alleges there are "Chain of Title Problems" which preclude foreclosure. Id. ¶¶ 46-50.

Plaintiff's FAC includes five federal claims, each of which is alleged under a separate federal Act: (1) Home Ownership Equity Protection Act ("HOEPA"); (2) Real Estate Settlement Procedures Act ("RESPA"); (3) Truth in Lending Act ("TILA"); (4) Fair Credit Reporting Act ("FCRA"); and (5) Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). Id. ¶¶ 61-88, 116-136.

**IV. DISCUSSION**

**A. HOEPA and TILA**

The jointly moving Defendants argue "Plaintiff's claim for rescission under TILA and HOEPA is barred by a three-year statute of limitations to which equitable tolling does not apply." (Defs.' Mot. 5:1-2.)

"HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA." Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation and internal quotation marks omitted). A borrower's right to

4

rescind a loan transaction under TILA "expire[s] three years after the date of the consumption of the transaction[.]" 15 U.S.C. § 1635(f). "Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)). This three-year limitations period "represents an absolute limitation on rescission actions [and] bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside of the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (internal quotation marks and citation omitted).

Since Plaintiff alleges in the FAC that "[o]n or about May 27, 2004" he "executed a written DEED OF TRUST", the three-year statute of limitations expired "[o]n or about" May 27, 2007. (FAC ¶ 19.) Plaintiff alleged in his original complaint that he first "rescind[ed] the transaction" when he filed that Complaint on February 1, 2011. (Compl. ¶ 77, ECF No. 2.) Therefore, the Court lacks subject matter jurisdiction over Plaintiff's TILA and HOEPA rescission claims, and these claims are dismissed against all Defendants with prejudice. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (stating court may enter sua sponte dismissal as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants).

The jointly moving Defendants also argue "Plaintiff's claims for damages under TILA and HOEPA are barred by the relevant one-year statute of limitations[.]" (Defs.' Mot. 4:12-13.) Defendants Quality and

1 LSI also each argue these claims should be dismissed since they are time
2 barred. (Quality's Mot. 7:5-6; LSI's Mot. 7:21-22.) Plaintiff does not
3 allege a TILA damages claim; however, he does allege a HOEPA damages
4 claim. (FAC ¶¶ 70, 82.)

5    Since a HOEPA damages claim is subject to TILA's statute of
6 limitations, an action under HOEPA for actual or statutory damages must
7 be brought "within one year from the date of the occurrence of the
8 violation." 15 U.S.C. § 1640(e). "[A]s a general rule[, this]
9 limitations period starts [to run] at the consummation of the
10 transaction." King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986).
11 Therefore, the statute of limitations on Plaintiff's HOEPA damages claim
12 expired "[o]n or about" May 27, 2005. (FAC ¶ 19.)

13    Plaintiff alleges in the FAC the statute of limitations period
14 is equitably tolled as follows:

> Plaintiff, not being an investment banker, securities dealer, mortgage lender, or mortgage broker, reasonably relied upon the representations of the Defendants in agreeing to execute the mortgage loan documents. Plaintiff did not know Defendants misrepresented material fact to him and withheld material information from him regarding his loan. Plaintiff first learned of the actions of Defendants, including their failure to disclose and the fraud committed upon him, in November of 2010. Any applicable statute of limitations should run from this date.

22 Id. ¶ 73.

23    These tolling allegations are insufficient to justify
24 equitable tolling since Plaintiff has not alleged facts demonstrating he
25 did not have a "reasonable opportunity to discover the fraud or
26 nondisclosures that form the basis of the TILA action" earlier. King, 784
27 F.2d at 915. Therefore, Plaintiff's HOEPA damages claim is dismissed
28 against all Defendants.

**B. RESPA**

The jointly moving Defendants seek dismissal of Plaintiff's RESPA claim, arguing, *inter alia*, that Plaintiff's "RESPA claim[] based on allegations of improper fees [is] subject to a one-year statute of limitation, which begins to run at closing." (Defs.' Mot. 6:16-17.)

12 U.S.C. § 2614 prescribes that a RESPA claim "may be brought . . . [within] 1 year . . . from the date of the occurrence of the violation[.]" "Barring extenuating circumstances, the date of the occurrence of the violation is the date on which the loan closed." Ayala v. World Sav. Bank, FSB, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009) (internal quotation marks and citation omitted); see also Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) (stating that "courts have considered the 'occurrence of the violation' as the date the loan closed").

Here, the one-year statute of limitations expired "[o]n or about" May 27, 2005. (FAC ¶ 19.) Plaintiff alleges the applicable statute of limitations should be equitably tolled since he is "a lay person" and "[h]e did not know, had no reason to suspect nor did he have the ability to find out that Defendants accepted charges for rendering real estate services in connection with his mortgage loan that were in fact charges for services other than those actually performed." Id. ¶ 78. However, this allegation does not explain why Plaintiff could not have discovered each Defendant's alleged RESPA violation within the one year statutory period. Therefore, Plaintiff has not shown that the doctrine of equitable tolling applies to his RESPA claim, and this claim is dismissed against all Defendants.

///

///

### C. FAIR CREDIT REPORTING ACT

The jointly moving Defendants seek dismissal of Plaintiff's FCRA claim, alleged under 15 U.S.C. § 1681s-2(b), arguing it contains insufficient facts to support a FCRA claim. (Defs.' Mot. 7:16-19.)

Plaintiff alleges in his FCRA claim: "[a]t all times material, Defendants qualified as a provider of information to the Credit Reporting Agencies . . . [and] Defendants wrongfully, improperly, and illegally reported negative information as to the Plaintiff to one or more credit reporting agencies, resulting in Plaintiff's having negative information on his credit reports and the lowering of his FICO scores." (FAC ¶ 85.)

The FCRA imposes responsibilities on the sources that provide credit information to credit reporting agencies ("CRA's"). Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153-54 (9th Cir. 2009). The duties imposed by § 1681s-2(b) of the FCRA are "triggered only when a [source of credit information] receives notice of a dispute from a [CRA] that has itself received notice of a dispute from a consumer." Pineda v. GMAC Mortgage, LLC, No. CV 08-5341 AHM (PJWx), 2009 WL 1202885, at *4 (C.D. Cal. Apr. 30, 2009) (citation omitted); see also Clark v. FLA Card Services, N.A., No. C 09-5240 SBA, 2010 WL 2232161, at *3 (N.D. Cal. June 3, 2010) (citing Gorman, 584 F.3d at 1154).

Plaintiff's allegations are insufficient to state a FCRA § 1681s-2(b) claim since Plaintiff does not allege that he disputed any negative information with a CRA or that notice of such dispute was provided to any Defendant. See Clark, 2010 WL 2232161, at * 3 (dismissing the plaintiff's FRCA claim where the complaint included "no allegations that Plaintiff disputed any charges with any credit reporting bureau or that notice of such dispute was provided to

[defendant]"). Therefore, Plaintiff's FRCA claim is dismissed against all Defendants.

### D. CIVIL RICO

The jointly moving Defendants seek dismissal of Plaintiff's civil RICO claim, arguing "Plaintiff has not alleged any of the requisite elements of a RICO claim." (Defs.' Mot. 11:23.) Further, Quality and LSI each seek dismissal of Plaintiff's civil RICO claim, arguing, *inter alia*, that Plaintiff's allegations of fraud are not plead with the requisite particularity. (Quality's Mot. 13:17-14:22; LSI's Mot. 14:13-21.)

"To state a civil claim for a RICO violation . . . , a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (citation and internal quotation marks omitted).

An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity[.]" 18 U.S.C.A. § 1961(4). "To establish the existence of . . . an enterprise, a plaintiff must [allege] both '. . . an ongoing organization, formal or informal,' and '. . . that the various associates function as a continuing unit.'" Odom v. Microsoft Corp., 486 F.3d 541, 552 (9th Cir. 2007) (quoting U.S. v. Turkette, 452 U.S. 576, 583 (1981)). Plaintiff alleges "Defendants' actions and use of multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct specifically designed to defraud Plaintiff constitutes an 'enterprise,' with the aim and objective of the enterprise being to perpetuate a fraud upon the Plaintiff through the use of intentional nondisclosure,

material misrepresentation, and creation of the fraudulent loan documents." (FAC ¶ 118.) Plaintiff's allegations do not plausibly show the existence of an enterprise or "various associates [which] function[ed] as a continuing unit." Odom, 486 F.3d at 552.

Further, "[to] allege a pattern of racketeering activity, a plaintiff must allege two or more predicate acts[,]" which are enumerated in 18 U.S.C. § 1961(1). Pajarillo v. Bank of America, No. 10CV937 DMS (JMA), 2010 WL 4392551, at *7 (S.D. Cal. Oct. 28, 2010); see 18 U.S.C. § 1961(5). In addition, the Ninth Circuit "applie[s] the particularity requirements of [R]ule 9(b) to [averments of fraud in] RICO claims." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989). Therefore, Plaintiff's fraud allegations in his civil RICO claim must "identify the time, place and manner of each fraud plus the role of each defendant in each scheme." Id. (citation and internal quotation marks omitted). Plaintiff alleges "[t]he predicate acts . . . cluster around violations of federal law involving mortgage lending, bank regulations and consumer credits laws as alleged in this complaint along with violations of various California state laws concerning conveyance of notes and deeds of trust as alleged in this Complaint." (FAC ¶ 121.) Plaintiff further alleges "[o]ther RICO predicate acts were part of the overall conspiracy and pattern of racketeering *activity* alleged herein, *e.g.* mail fraud and bank fraud." Id. ¶ 122. However, these allegations are insufficient to plead the existence of a pattern of racketeering activity since Plaintiff fails to specifically allege two or more predicate acts which are enumerated in 18 U.S.C. § 1961(1). Nor has Plaintiff satisfied the particularity requirements of Rule 9(b) since he does not allege "the time, place and manner of each fraud plus the role of each defendant" in the enterprise. Moore, 885 F.2d at 541.

Since Plaintiff fails to sufficiently plead the existence of an enterprise and the existence of a pattern of racketeering activity, Plaintiff's civil RICO claim is dismissed against all Defendants.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's federal claims are dismissed.

Plaintiff is granted ten (10) days from the date on which this order is filed to file a Second Amended Complaint in which he addresses the deficiencies in any claim not dismissed with prejudice. Further, Plaintiff is notified that any dismissed claim may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated: December 6, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge